## STURGES v. HANCOCK.

APPEALS; JUSTICES OF THE PEACE; JURISDICTION.

1. This court has no power to review a judgment of the Supreme Court of the District of Columbia rendered on an appeal from a justice of the peace, except upon the question of the jurisdiction of that court to render the judgment.
2. A party cannot be put in default and a valid judgment taken against him, before the expiration of the time limited for his appearance to support or defend a judgment involved in an appeal from a justice of the peace.

No. 337. Submitted October 1, 1894. Decided October 17, 1894.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, holding a law term, in a case appealed to that court from a justice of the peace. *Reversed.*

The Court in its opinion stated the case as follows:

The single question presented on this appeal is one of jurisdiction of the court below to render the judgment appealed from, as upon default of an appearance of the present appellant in that court, in obedience to a summons issued against him.

The case originated before a justice of the peace, and upon his judgment in favor of the plaintiff, John M. Sturges, the present appellant, the defendant, Frank L. Hancock, appealed to the Supreme Court of the District of Columbia. The judgment of the justice of the peace was rendered on the 3d of February, 1894. An appeal by the defendant was entered on the 6th of February, 1894, and the papers do not appear to have been filed in the Supreme Court before the 3d of April, 1894. On that day, being the first day of the

4 Ct. App.—19

April term of the Supreme Court, and the first day of the next trial term of that court that occurred " ten days after the rendition of the judgment of the justice of the peace " (Rule 96 of Supreme Court), the appellant in that appeal made the required deposit of money to pay costs, and caused a summons to be issued for the appellee in that appeal, as directed by Section 774 of the Revised Statutes, District of Columbia, and Rule 96 of the Supreme Court. By that summons, which was served on the present appellant on the 4th day of April, and so returned, the present appellant was commanded to appear in court "*within the first ten days of its next trial term occurring ten days after the judgment of the justice of the peace, to answer,*" etc. On the 6th of April, 1894, two days after the service of the summons, and four days *before* the expiration of the ten days limited for appearance by the summons, the case was called for trial at a special term of the court, and the appellee on the appeal failing to appear, the appellant, by his counsel, moved the court for judgment as for default of appearance, and the court, upon that motion, ruled that the plaintiff, the appellee in that court, take nothing by his suit, and that the defendant, the appellant on that appeal, should go thereof without day, and recover his cost. The next day, the 7th of April, and within the ten days limited by the summons, the appellee on that appeal, the appellant here, appeared to the appeal and moved to strike out the judgment entered against him as by default; but that motion was overruled. He thereupon appealed to this court.

*Mr. J. Altheus Johnson* for the appellant.

*Mr. Edward L. Gies* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

No appeal lies to this court in such case as the present,*

---

* See *Ex parte Redmond,* 3 App., D. C. 317.—REPORTER.

except from the ruling of the court below asserting an unwarrantable jurisdiction, and rendering a judgment upon that assumption, whereby the appellant to this court is damnified, by reason of the exercise of such assumed jurisdiction. This court has no power to review the judgment of the court below, rendered upon an appeal from a justice of the peace, as to the merits of the case. It is only upon the question of jurisdiction that an appeal in such case will lie to this court.

This appeal presents a question of great practical importance, and that is, whether a party can be put in default, and a judgment taken against him, before the expiration of the time limited for his appearance to support or defend against a judgment involved in the appeal taken from a justice of the peace?

The right of such appeal is given by statute, and the whole proceeding on the appeal is regulated by statute and the rules of court. In the exercise of this appellate jurisdiction, these regulations must be substantially complied with, or otherwise the jurisdiction is improvidently and unwarrantably exercised, and the judgment so rendered is without legal effect and operation.

Whether the party could be placed in default so that a judgment could be taken against him, and he be thus cut off from all right to be heard, depends upon the terms of the statute regulating such appeals. By Section 774, Rev. Stats. Dist. Col., it is provided that, in cases of appeal from justices of the peace, and upon making the required deposit for costs by the appellant, " the clerk shall docket the cause, and shall issue a summons for the appellee to appear at the next trial term of the court." And by the succeeding sections, provision is made for summary trial of the appeal, but giving the right to the appellee, if the appellant fails to prosecute his appeal, to have the cause docketed, and to move for an affirmance of the judgment appealed from, or

to have the cause tried upon its merits. But the only conditions, as it appears, prescribed by either the statute or the rules of court, under which the court can hear or dispose of the appeal, in the absence or upon the default of the appellee for non-appearance to the appeal, are those prescribed by Section 777 of the Rev. Stats. D. C., by which section it is provided that " In any case of appeal from the decision of a justice of the peace, where two summonses against the appellee shall be returned *non est*, or one attachment returned *non est*, and the appellee shall not appear, the court may proceed to hear and determine the case, in the same manner as if the appellee had regularly appeared."

Now, in this case, there had been no such returns of process as are mentioned in the statute, nor was the appellee in contempt of the process of the court, according to the terms of the summons served upon him, and he was therefore not liable to attachment. He did appear within the ten days limited in the summons for his appearance; and finding that judgment had, the day before, been entered against him by default for non-appearance, he at once moved the court to vacate the judgment so entered, and that he be allowed to maintain the judgment appealed from, by regular trial of the cause; but, as we have before stated, this motion was refused by the court. And the question is, was this the proper exercise of the appellate jurisdiction of the court below, and is the judgment so entered as by default of the present appellant, a valid and binding judgment?

It is a maxim of universal application, that no party can be bound by a judgment rendered *in personam*, and be thereby deprived of his rights, without an opportunity of being heard. He must have his day in court; and he must not be misled to his prejudice by the process of the court, whereby he may be deprived of his right of a hearing. A judgment rendered against a party without hearing or an opportunity to be heard; is simply a nullity. Or, as said by the Supreme Court of the United States, in *Windsor* v. *McVeigh*,

93 U. S. 274, " A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal."

In the case just referred to, the defendant had received notice, and had appeared and filed a claim to the property and an answer to the libel. But subsequently, upon motion of the attorney of the adverse party, the claim and answer and the appearance of the defendant were stricken from the files of the court, on the ground that it appeared from the answer of the defendant that he was, at the time of filing the answer, a resident within the Confederate lines, and a rebel. And thereupon the court immediately proceeded, as upon default, and entered a decree of condemnation of the property of the defendant, in favor of the Government. Of this decree, thus entered, the Supreme Court said :

" The law is, and always has been, that whenever notice or citation is required, the party cited has the right to appear and be heard ; and when the latter is denied, the former is ineffectual for any purpose. The denial to a party in such a case, of the right to appear, is in legal effect the recall of the citation to him. The period within which the appearance must be made and the right to be heard exercised, is, of course, a matter of regulation, depending either upon positive law, or the rules or orders of the court, or the established practice in such cases. And if the appearance be not made, and the right to be heard be not exercised, within the period thus prescribed, the default of the party prosecuted, or possible claimants of the property, may, of course, be entered, and the allegations of the libel be taken as true for the purpose of the proceeding. But the denial of the right to appear and be heard at all is a different matter altogether."

We think the learned court below fell into error in supposing that the appellee there was in default in not appearing to the appeal in obedience to the summons served

upon him.   But that summons, as we have seen, required him to appear *within the first ten days* after the date of the summons—the summons being dated the 3d of April, 1894, the first day of the trial term of the court, at which the case was called for trial.   He had the ten days within which to appear, and he could not be put in default for non-appearance until after the expiration of the period allowed for his appearance.   He did appear, however, within the time limited, and moved the court to vacate the judgment entered as by default, and that motion was refused. That motion, we think, should have been granted.   We shall, therefore, reverse the judgment entered as by default, and remand the cause that the appeal may be reinstated in the court below for trial in regular course.   The cost of this appeal to be paid by the present appellee.

*Judgment reversed, and cause remanded.*